**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 01-CR-0058-CVE |
| | ) | |
| **STEVEN MARK HOLLEY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Defendant Steven Mark Holley ("Holley") was named in a twelve-count indictment (Dkt. # 1), and he pled guilty to counts two, four, and six for using and brandishing a firearm in the furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Dkt. # 28. On December 15, 2004, the Court sentenced defendant to a term of imprisonment of 684 months: 84 months as to count two, and 25 years as to each of counts four and six. Dkt. # 30. On October 24, 2006, defendant filed a motion under Fed. R. Civ. P. 60(b) challenging the judgment as void. Dkt. # 34. Defendant argues that the Court did not have jurisdiction to hear the case or issue a sentence because the federal statutory provision under which the defendant was charged and incarcerated failed to contain language which could be construed as incorporating a nexus to interstate commerce. Dkt. # 34, at 34.

Authority for post-conviction consideration of alleged errors in a defendant's conviction or sentence is expressly provided by statute at 28 U.S.C. § 2255. That statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming that right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, *or that the court was without jurisdiction to impose such sentence*, or that the sentence was in excess of

>   the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added). While a prisoner is in federal custody, § 2255 is the exclusive means for challenging his conviction and sentence. Adam v. United States, 274 F.2d 880, 882 (10th Cir. 1960). Since Holley is in federal custody, § 2255 clearly addresses any collateral challenge to his conviction or sentence, and he may nor circumvent the requirements of that statute by styling his motion under Fed. R. Civ. P. 60(b).

Therefore, the Court will recharacterize Holley's Rule 60(b) motion as a motion filed pursuant to 28 U.S.C. § 2255. However, in Castro v. United States, 540 U.S. 375 (2003), the Supreme Court held that a federal court cannot recharacterize a pro se litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motions will be subject to the restrictions on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. Here, defendant has not previously sought relief pursuant to § 2255; thus, the holding of Castro applies.

Because § 2255 provides that authority for this Court to consider Holley's challenge to the Court's jurisdiction to adjudicate his case, Holley is hereby notified that the Court intends to recharacterize his Fed. R. Civ. P. 60(b) motion to vacate judgment pursuant to § 2255. As this would be his first § 2255 motion, defendant may, within thirty (30) days of the entry of this Order, withdraw the petition or amend it so that it contains all the § 2255 claims he believes he has.

Defendant is further advised that § 2255 provides for a one-year period of limitation for a motion filed under that section. Specifically, 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitations period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removes, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In this case, defendant's conviction became final on December 25, 2004, when he failed to file a Notice of Appeal within ten (10) days of the entry of Judgment on December 15, 2004. See Fed. R. App. P. 4(b)(1)(A)(i) (requiring a Notice of Appeal to be filed within ten (10) days of entry of judgment). Therefore, he had one year from December 25, 2004, or until December 25, 2005, to file a timely § 2255 motion. However, defendant did not file the existing motion until October 24, 2006, almost a year beyond his deadline for filing a timely § 2255 motion. As a result, defendant will be allowed to file his proposed § 2255 motion only if he demonstrates entitlement to equitable or statutory tolling of the limitations period. The Court notes that it will not turn to defendant's substantive arguments unless defendant demonstrates a legally cognizable reason for filing a § 2255 motion almost one year after the deadline.

**IT IS THEREFORE ORDERED** that the Court hereby notifies defendant that it will recharacterize defendant's Fed. R. Civ. P. 60(b) motion as a motion under 28 U.S.C. § 2255. Defendant may withdraw his petition or amend it so that it contains all his § 2255 claims no later than **December 8, 2006.**

**DATED** this 8th day of November, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT