UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01-CR-0058-CVE |
| ) | |
| STEVEN MARK HOLLEY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes on for consideration of defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. ## 34, 40), and the United States' motion to dismiss (Dkt. # 46). Defendant alleges that the Court did not have jurisdiction in his criminal case because the federal statutory provision under which defendant was charged, convicted, and incarcerated fails to contain language which could be construed as incorporating a nexus to interstate commerce. The United States moves to dismiss because defendant's § 2255 motion was filed beyond the statute of limitations. For the reasons discussed below, the Court finds plaintiff's motion shall be granted and defendant's motion shall be dismissed with prejudice as barred by the one-year statute of limitations.

**I.**

Defendant was charged in a twelve-count Indictment. Dkt. # 1. On December 6, 2004, defendant petitioned the Court to plead guilty to Counts Two, Four, and Six of the Indictment for using and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). See Dkt. ## 25, 28. Counts Two, Four, and Six incorporated by reference Counts One, Three, and Five. Counts One, Three, and Five charged defendant with robbery by the use of a firearm of businesses engaged in interstate commerce in violation of 18 U.S.C. § 1951. At

sentencing, the Court dismissed Counts One, Three, and Five, plus the remaining Counts Seven, Eight, Nine, Ten, Eleven, and Twelve.[1]  Dkt. # 29.  Defendant's pleas of guilty were not pursuant to a written plea agreement with the government.  On December 6, 2004, the Court sentenced defendant to a term of imprisonment of 57 years: 7 years as to Count Two, and 25 years each as to Counts Four and Six.  See Dkt. # 30.  Defendant's conviction became final on December 30, 2004, when he failed to file a notice of appeal within ten (10) days (excluding weekends and a holiday) of the entry of judgment on December 15, 2004.  Thus, defendant had one year from December 30, 2004, the date on which his conviction became final, to file a § 2255 motion to vacate, set aside, or correct his sentence.

On October 24, 2006, defendant filed a motion under Fed. R. Civ. P. 60(b) challenging the judgment as void on jurisdictional grounds.  Dkt. # 34.  On November 8, 2006, the Court notified defendant that it had re-characterized his Rule 60(b) motion as a motion filed pursuant to 28 U.S.C. § 2255.[2]  Dkt. # 36.  In its Opinion and Order, the Court gave defendant 30 days to "withdraw the petition or amend it" so that it would contain "all his § 2255 claims."  Id. at 4.  The Court also found that defendant had not filed a timely petition, id. at 3, and advised defendant he would be allowed to proceed with his § 2255 motion only if he demonstrated entitlement to equitable or statutory tolling of the limitations period.  Id.

---

[1]  Counts Seven, Nine, and Eleven charged defendant with violating 18 U.S.C. § 1951.  Dkt. # 1.  Counts Eight, Ten, and Twelve charged defendant with violating 18 U.S.C. § 924(c) and incorporated by reference Counts Seven, Nine, and Eleven.  Id.

[2]  The Opinion and Order was mailed by the Court Clerk to Steven Mark Holley, #30825-013, US Penitentiary, PO BOX 7000, Florence, CO 81226-7000.  See Dkt. # 36, Notice of Electronic Filing.

The Court subsequently granted three filing extensions for defendant. See Dkt. ## 38, 42, 45. Notwithstanding this latitude, defendant failed to file any pleading to withdraw or add any claims or to show entitlement to tolling. In response to the United States' motion to dismiss, defendant now offers only one explanation: he "did not discover that the Govt. had no jurisdiction to charge [him], under the grounds mentioned in the original motion until about Sept. 06, [sic]." Dkt. # 47.

**II.**

Paragraph 6 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, defendant's conviction became final on December 30, 2004, or ten (10) days (excluding weekends and a holiday) after entry of judgment on December 15, 2004. See Fed. R. App. P. 4(b)(1)(A)(i); United States v. Burch, 202 F.3d 1274, 1278-79 (10th Cir. 2000). Therefore,

3

defendant had until December 30, 2005, to file a timely § 2255 motion. As noted above, the instant motion was not filed until October 24, 2006, and is therefore untimely.

Likewise, defendant has not demonstrated "extraordinary circumstances" warranting equitable tolling of the limitations period. See United States v. Willis, 202 F.3d 1279, 1281 n.3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" Miller v. N.J. State Dep't. of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). Defendant must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Marr, 141 F.3d at 978.

In this case, defendant has not provided an explanation for his lack of diligence. Defendant argues that his claim is timely because he "did not discover that the Govt. had no jurisdiction to charge [him], under the grounds mentioned in the original motion until about Sept. 06, [sic]." Dkt. # 47. This argument concerns the law, not the facts, as to his nearly two-year filing delay.[3] Defendant's proffered explanation is not "a legally cognizable reason for filing a § 2255 motion almost one year after the deadline." Dkt. # 36, at 3. Despite the Court's grant of three filing extensions, defendant has wholly failed to demonstrate his entitlement to equitable or statutory

---

[3]   To the extent defendant's statement can be interpreted as a request to apply § 2255(4) (providing that the period of limitations shall run from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence), the Court notes that this subsection is inapplicable because defendant is not relying on discovery of facts, but rather discovery of the alleged unconstitutionality of § 924(c). To the extent his statement can be interpreted as a claim of ignorance of the law until September of 2006, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted).

tolling of the limitations period. Therefore, the Court finds that defendant's motion is time-barred, and plaintiff's motion to dismiss should be granted.

### III.

Notwithstanding the above finding regarding untimeliness, the Court also concludes that defendant's jurisdictional argument is without merit. Defendant maintains that the Court did not have jurisdiction in this case because 18 U.S.C. § 924(c), the statutory provision under which defendant was charged and convicted, fails to contain language that could be construed as incorporating a nexus to interstate commerce.

First, the Tenth Circuit has held that a defendant may not question in a § 2255 motion the jurisdiction of the presiding court after he has entered an unconditional guilty plea, admitting "all material facts charged in the indictment, including all factual predicates to jurisdiction." United States v. Stewart, 55 Fed. Appx. 892, 2003 WL 295543, at *1 (10th Cir.), cert. denied, 539 US 921 (2003);[4] see United States v. Brown, 164 F.3d 518, 521 (10th Cir. 1998) ("Jurisdiction remained with the district court through the entry of judgment because [defendant] pleaded guilty unconditionally to the offenses at issue."). In Stewart, the defendant pled guilty to six counts of robbery of facilities in interstate commerce in violation of 18 U.S.C. § 1951 and two counts of use of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c). Id. In his § 2255 motion, the defendant maintained that the firearm counts were defective because they depended upon federal jurisdiction over two robbery counts, which allegedly had no nexus to interstate commerce. Id. The defendant asserted that he was denied due process of law because his conviction lacked a

---

[4] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

factual basis establishing jurisdiction. Id. The Stewart court rejected the defendant's theory. Id.

Here, as in Stewart, defendant challenges the jurisdiction of this Court on the grounds that Counts Two, Four, and Six – to which defendant pled guilty – stated no nexus themselves but instead depended upon federal jurisdiction over dismissed Counts One, Three, and Five.[5] The dismissal of these underlying Counts is inconsequential, however, in light of defendant's unconditional guilty pleas. In his pleas, defendant admitted all material facts charged in the indictment and all factual predicates to jurisdiction. Defendant represented to the Court in writing that he committed the acts described in Counts One, Three, and Five "in connection with the charges of Use of Firearm During a Crime of Violence – 18 U.S.C. § 924(c), made against me in the Indictment . . . ." Dkt. # 28, at 2 (emphasis in original). Defendant further "stipulate[d] that the property taken from [the victimized retailers] had traveled in interstate commerce" and that these retailers were "engaged in [the business of] selling property which had traveled in interstate commerce." Id. at 2-3. In light of defendant's unconditional guilty pleas, the Court finds that defendant has no grounds to question its jurisdiction.

Second, the Tenth Circuit has held that the "interstate commerce element of [a crime] 'is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case.'" United States v. Tush, 287 F.3d 1294, 1297 (10th Cir. 2002) (quoting United States v. Martin, 147 F.3d 529, 532 (7th Cir. 1998)). "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal

---

[5] Unlike Stewart, however, dismissed Counts One, Three, and Five indisputably involved a nexus to interstate commerce. See Dkt. # 1.

courts." Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999). While "[a] link to interstate commerce may be essential to Congress's substantive authority, [] the existence of regulatory power differs from the subject-matter jurisdiction of the courts." Id. (citations omitted).

Here, again, defendant may not challenge jurisdiction. The Court had subject matter jurisdiction to preside over defendant's case and impose a sentence pursuant to 18 U.S.C. § 3231. Even if this Court were to find the interstate commerce nexus to be lacking, which it does not, this finding would still not affect the outcome of this case. Moreover, a conviction will not be overturned because of "an insufficient interstate commerce nexus where the defendant both explicitly stipulated to that nexus and pled guilty." Tush, 287 F.3d at 1297.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Dkt. # 46) is **granted**, and defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. ## 34, 40) is **dismissed with prejudice** as barred by the statute of limitations. A separate judgment is entered herewith.

**IT IS SO ORDERED** this 24th day of October, 2007.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT